UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| JOHNNY WADE STEPHENS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No.: 4:14-cv-78-HSM-WBC |
| v. | ) |
| | ) |
| WARREN COUNTY JAIL, SHERIFF | ) |
| JACKIE MATHENY, KRISTY | ) |
| STARGILL, EDDIE KNOWLES, | ) |
| DAVID FLORANCE, CAROL | ) |
| DARBY, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983, in which plaintiff alleges that he is being subjected to unconstitutional treatment at the Warren County jail. Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and must sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

In screening complaints, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

The lead defendant, the Warren County Jail, is a building and not a suable entity under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 & n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Marbry v. Correctional Medical Services*, 2000 WL 1720959, *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983.") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, *1 (6th Cir. May 1, 1997) (("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, the Warren County Jail is **DISMISSED** as a defendant in this suit for plaintiff's failure to state a viable § 1983 claim against it.

2

Plaintiff asserts, in his complaint, that he has a broken jaw for which he needs medical treatment; that, due to the broken jaw, he needs a soft diet; that he needs his teeth extracted; that defendants have denied him all these things; and that defendants' refusal to meet his needs has resulted in him suffering forty-six (46) days of severe pain (a level 8 on a pain scale of 1 to 10) in his jaw and teeth (Doc. 1, Comp. at 5).

Prison officials who are deliberately indifferent to the serious medical needs of inmates violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff has stated a colorable Eighth Amendment claim under *Estelle*.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for each remaining defendant named in this action. The plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that time the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. Defendants' failure to timely respond to the complaint may result in entry of judgment by default against defendants.

Plaintiff is **ORDERED** to inform the Court and the defendants or their counsel of record, in writing, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

**ENTER:**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE